## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KELVIN O. AGOSTO-HERNANDEZ** <br><br> PLAINTIFF <br><br> VS. <br><br> **PRWIRELESS PR, LLC;** <br> **SPRINT PR, LLC;** <br> **T-MOBILE PUERTO RICO, LLC;** <br> **INSURANCE COMPANY XYZ;** <br> **COMPANY ABC;** <br> **JOHN & JANE DOE.** <br><br> DEFENDANTS | CIVIL NO. 21-1382 <br><br><br> RETALIATION, <br> DISCRIMINATION BASED ON SEX, <br> WRONGFUL TERMINATION (SEVERANCE PAY), <br> AND TORT DAMAGES <br><br> TRIAL BY JURY DEMANDED |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW, Kelvin O. Agosto-Hernandez,** ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

### PRELIMINARY STATEMENT

1. Plaintiff worked for PRWireless PR, LLC, Sprint PR, LLC and T-Mobile Puerto Rico, LLC, (jointly "Defendants") since July 2018 until his illegal termination on August 21st, 2021. Defendant initiated a pattern of discriminatory adverse actions against the Plaintiff, disparaging him based on sexual stereotypes. The Plaintiff verbally complained to various supervisors of the Defendant regarding the pattern of discriminatory adverse actions against the Plaintiff, but the Defendant did not take any necessary corrective action. After the Defendant verbally complained, the Defendant continued with its retaliatory and discriminatory actions until the Defendant fabricated and falsely alleged that the Plaintiff had to be dismissed because the Plaintiff incurred in sexual harassment, which the Plaintiff denies.

2. Such actions constitute a disparate treatment by the Defendants based on discrimination based on sex and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC sec. 2000e-2(a), causing damages to the Plaintiff.

3. Plaintiff files this civil action against Defendant based on the following: Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a), Puerto Rico's Law No. 100 of June 30 ("Law 100"), 1959, 29 LPRA sec. 146 et seq., Puerto Rico's Law No. 69 of July 6, 1985 ("Law 69"), 29 LPRA sec. 1321 et seq., and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; Retaliation pursuant to Title VII, 42 USC sec. 2000e-3(a), Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 LPRA sec. 194 et seq. and Section 16 of Article II of Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976 ("Law 80"), 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4. Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendants' unlawful and discriminatory employment termination of the Plaintiff, based on his retaliation and discrimination claims. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the retaliation and discrimination.

**JURISDICTION AND VENUE**

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to Title VII.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Section 1 and 16 of Article II of the Constitution of the Commonwealth of Puerto Rico, Law 100, Law 69, Law 115 Law 80, and Tort Damages pursuant to the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Before filing this instant case, Plaintiff filed timely charges of retaliation and of discrimination on the basis of sex before the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty (180) days and/or three hundred (300) days after the adverse employment action. Notice of Right to Sue from the EEOC was received by the Plaintiff. Plaintiff thus filed this timely Complaint within ninety (90) days of receipt of the EEOC's Notification of Right to Sue.

9. Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

10. Plaintiff, Kelvin O. Agosto-Hernandez, is of legal age, domiciled and resident of Guaynabo, Puerto Rico. Plaintiff's physical address is Urb. Colinas Metropolitanas, Calle Cerrillos W-15, Guaynabo, PR 00969.

11. Defendants PRWireless PR, LLC, Sprint PR, LLC and T-Mobile Puerto Rico, LLC, (jointly "Defendants"), are Companies organized under the laws of Delaware and Puerto Rico who are duly authorized to do business in the Commonwealth of Puerto Rico. These companies are dedicated to providing telecommunications services. Defendants constitute an integrated

3

enterprise and are therefore to be considered as a single employer because of the degree of interrelationship, common ownership and control, common management, and the degree of centralization of labor relations and personnel functions at the Defendants' place of business in the Commonwealth of Puerto Rico. Defendants' designated office address is 252 Ponce de Leon Ave., Floor 20, San Juan PR 00918. Defendants' resident agent is The Prentice Hall Corporation System, Puerto Rico, Inc. located at 252 Ponce de Leon Ave., Floor 20, San Juan PR 00918.

12. Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Defendant. At the time of the retaliatory and discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said retaliation and discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Company ABC ("Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendant, that directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendant, who directed and had knowledge of Defendant's discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

15. Plaintiff worked for Defendant since July of 2018.

16. Plaintiff's sexual orientation is openly homosexual.

17. Defendants are a company dedicated to providing telecommunications services.

18. Defendants have more than five hundred (500) employees.

19. Plaintiff's job position was as a Sales Representative.

20. Plaintiff's duties and functions as a Sales Representative was to engage clients and sell the services of the Defendants.

21. The Plaintiff met work expectations because he received positive evaluations while working for the Defendants.

22. By approximately summer of 2019, the Plaintiff was relocated to work at the Defendants' store at The Belz Outlet in Canovanas.

23. During that time, the Plaintiff worked under the supervision of the Store Manager, Brenda Villalobos ("Villalobos").

24. On or around November/December of 2019, the Defendants relocated Jaime Barreto ("Barreto") as Sales Representative to the same store at The Belz Outlet in Canovanas.

25. Since Barreto began to work at the same store at The Belz Outlet in Canovanas with the Plaintiff, the Plaintiff felt that Barreto was trying to create a hostile work environment due to his sexual orientation as an openly homosexual.

26. In January of 2020, the Plaintiff complained to Villalobos about Barreto regarding a sale that was executed and unjustly commissioned to Barreto.

27. After this complaint, Barreto began a campaign against the Plaintiff, falsely stating and defaming the Plaintiff for being a thief.

28. In addition to the defamatory statements that the Plaintiff was a thief, Barreto also made frequent jokes that the Plaintiff was a thief because he would steal other homosexual boyfriends. In furtherance to this sexual stereotype, Barreto and another coworker made frequent day to day derogatory jokes that Plaintiff was a tramp ("putita") and a "fag" ("pato").

29. In that same time of January of 2020, the Plaintiff complained to Villalobos about Barreto and other coworker frequent defamatory and derogatory statements including that: 1) Plaintiff was a thief, 2) Plaintiff would steal other homosexual boyfriends, 3) Plaintiff was a tramp ("putita") and 4) Plaintiff was a "fag" ("pato").

30. Villalobos did not take any corrective actions after receiving the Plaintiff's complaints against Barreto regarding his defamatory and derogatory statements regarding that: 1) Plaintiff was a thief, 2) Plaintiff would steal other homosexual boyfriends, 3) Plaintiff was a tramp ("putita") and 4) Plaintiff was a "fag" ("pato").

31. Instead of taking a corrective action, Villalobos further promulgated the frequent jokes against the Plaintiff stating that the Plaintiff indeed was a tramp ("putita") because he would share boyfriends with other homosexuals.

32. Plaintiff frequently complained and opposed Barreto and Villalobo's defamatory and derogatory statement, by verbally complaining to Villalobos from January of 2020 until July of 2020.

33. During Plaintiff's frequent complaints, he would request a relocation to another store. However, Villalobos did not comply with this request.

34. In July of 2020, because Villalobos did not take any corrective action, the Plaintiff contacted Villalobos' supervisor, the District Manager Francisco Perez ("Perez").

35. Plaintiff complained to Perez that he was requesting a relocation to another store because he was in a hostile work environment with Barreto and Villalobos and the other coworkers. Additionally, Plaintiff complained that Villalobos did not take a corrective action and further promulgated the hostile work environment.

36. Unfortunately, Perez did not take any corrective action.

37. In August of 2020, Barreto fabricated a false accusation against the Plaintiff by stating that Plaintiff sexually harassed another coworker.

38. Extraordinarily, Villalobo took action with regards to Barreto's false accusation and elevated the same to Human Resources.

39. Villalobo took this action to elevate the false accusation of Barreto because of the Plaintiff's sexual orientation.

40. Villalobo did not take action to elevate Plaintiff's complaints from January to July of 2020, because of Plaintiff's sexual orientation.

41. Villalobo and Barreto both discriminated against the Plaintiff because of his sexual orientation, by continuing to spread defamatory and derogatory statements including that: 1) Plaintiff was a thief, 2) Plaintiff would steal other homosexual boyfriends, 3) Plaintiff was a tramp ("putita"), 4) Plaintiff was a "fag" ("pato"), and 5) the Plaintiff was a sexual harasser.

42. Pursuant to the Defendants' policies, the Defendants must conduct investigation of all complaints lodged by any employees.

43. Defendants incurred in disparate treatment when it did not conduct any investigation as to the complaints lodged by the Plaintiff because of the Plaintiff's sexual orientation.

44. Defendants incurred in disparate treatment when it only conducted an investigation as to the complaints against the Plaintiff.

45. The Defendants also have an obligation to interview all witnesses concerning the complaints.

46. Notwithstanding, the Defendants did not interview all the witnesses concerning the complaints.

47. Villalobo discriminatorily assisted in providing a biased investigation against the Plaintiff with the aim of illegally terminating the Plaintiff because of Plaintiff's sexual orientation.

48. Villalobo only elevated Barreto's complaint against the Plaintiff, but did not elevate Plaintiff's complaint against Barreto.

49. After conducting a biased investigation, the Defendants illegally terminated the Plaintiff.

50. Plaintiff's termination was based in discrimination and retaliation for Plaintiff complaining against Barreto.

51. Plaintiff always fulfilled and excelled at his duties and such was reflected in all of Plaintiff's prior evaluations.

52. The Defendants did not provide the Plaintiff any opportunity whatsoever to participate in the investigation by naming his witnesses that would absolve him from the false accusations of sexual harassment.

53. Villalobos is an agent who is duly authorized by the Defendants, who committed and/or cooperated with the retaliatory and discriminatory acts in the course and scope of her agency relationship, thus imposing liability to the Defendants.

54. The Defendants had knowledge of Villalobos' retaliatory and discriminatory decisions. The Defendants did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred by Villalobos. The Defendants allowed Villalobos to retaliate and discriminate against the Plaintiff by firing the Plaintiff because of his sexual orientation and because he had participated in protected activities, basing the decision on false pretextual grounds.

55. Company ABC was the parent company or an affiliated company of the Defendants. Company ABC had knowledge of Villalobos' retaliatory and discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred by Villalobos. Company ABC allowed Villalobos to retaliate and discriminate against the Plaintiff by firing the Plaintiff because of his sexual orientation and because he had participated in protected activities, basing the decision on false pretextual grounds.

56. John & Jane Doe had knowledge of Villalobos' retaliatory and discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the retaliatory and discriminatory actions incurred Villalobos. John & Jane Doe allowed Villalobos to retaliate and discriminate against the Plaintiff by firing the Plaintiff because of his sexual orientation and because he had participated in protected activities, basing the decision on false pretextual grounds.

57. At the time of these discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said discriminatory claims. Said insurance policy was in force at the time of the discriminatory incidents.

58. Ever since Plaintiff was dismissed, Plaintiff has suffered economic losses and deprivation of his salary. Plaintiff has lost sleep and rest, felt humiliated and discriminated, and has been at loss of her peace of mind and emotional stability.

59. The Defendants are liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## RETALIATION

60. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

61. Defendants' retaliatory conduct altered Plaintiff's employment condition because Plaintiff engaged in a protected activity.

62. Specifically, Plaintiff engaged in a protected activity by exercising his right to complain and oppose to the discriminatory hostile work environment due to his sexual orientation.

63. Villalobos took a materially adverse action against the Plaintiff, by elevating a false accusation of sexual harassment against the Plaintiff because the Plaintiff was participating in a protected activity.

64. Villalobos' adverse actions are causally connected with the Plaintiff's participation in a protected activity.

65. Villalobos' adverse actions by stating that Plaintiff incurred in sexual harassment was a pretextual ground for illegally terminating the Plaintiff.

66. All the named Defendants, Company ABC, John & Jane Doe had knowledge of Villalobos' unlawful retaliation against the Plaintiff. Therefore, the named Defendants, Company ABC, John & Jane Doe are liable because of the unlawful retaliation against the Plaintiff.

67. The Plaintiff's participation in protected activity was the direct cause of Villalobos' adverse action of terminating the Plaintiff, thus constituting an unlawful retaliation.

68. Defendants' conduct against the Plaintiff constitutes an unlawful retaliation pursuant to Title VII, Law 115 and Section 16 of Article II of the Constitution of the Commonwealth of Puerto Rico.

69. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

70. As a result of Defendants' unlawful retaliation, Plaintiff lost the salary he was entitled to.

71. Defendants are liable to Plaintiff for the back pay he was entitled had he maintained her position pursuant to Section 706 (g) of Title VII of the Civil Rights Act, 42 USC. Sec. 2000e-5(g).

72. Plaintiff's last annual salary was approximately forty-four thousand dollars ($44,000.00).

73. Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

74. Pursuant to Title VII, Defendants' unlawful retaliation against the Plaintiff was willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

75. In the alternative, an adequate remedy under Law 115, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

76. Defendants are liable to Plaintiff under this cause of action, pursuant to Title VII, Law 115 and the Constitution of the Commonwealth of Puerto Rico, in excess of one million seven hundred sixteen thousand dollars ($1,716,000.00).

77. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

78. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than one million seven hundred sixteen thousand dollars ($1,716,000.00), which times two equal three million four hundred thirty-two thousand dollars ($3,432,000.00).

## SECOND CAUSE OF ACTION

## DISCRIMINATION BASED ON SEX

79. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

80. Defendants' discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's sexual orientation.

81. At the moment that the Defendants' incurred in the discriminatory conduct, the Plaintiff was performing his job well enough to meet the Defendants' legitimate expectations.

82. However, the Defendants allowed the hostile work environment to exist against the Plaintiff due to his sexual orientation. Eventually, Defendants allowed that the Plaintiff be illegally terminated based on a false pretextual ground concerning his sexual orientation.

83. Defendants' conduct against the Plaintiff constitutes discrimination based on sex pursuant to Title VII, Law 100, Law 69, and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico.

84. As a proximate result of Defendants' discriminatory practice, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

85. As a result of Defendants' discriminatory practices, Plaintiff lost the salary he was entitled to.

86. Defendants are liable to Plaintiff for the back pay she was entitled had she maintained her position pursuant to Section 706 (g) of Title VII of the Civil Rights Act, 42 USC. Sec. 2000e-5(g).

87. Plaintiff's last annual salary was approximately forty-four thousand dollars ($44,000.00).

88. Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

89. Pursuant to Title VII, Defendants' discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

90. In the alternative, an adequate remedy under Law 100 & Law 69, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

91. Plaintiff's dismissal was the culmination of Defendants' discriminatory practice against the Plaintiff because of his sexual orientation.

92. Defendants are liable to Plaintiff under this cause of action, pursuant to Title VII, Law 100, PR Law 69 and the Constitution of the Commonwealth of Puerto Rico, in excess of one million seven hundred sixteen thousand dollars ($1,716,000.00).

93. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

94. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than one million seven hundred sixteen thousand dollars ($1,716,000.00), which times two equal three million four hundred thirty-two thousand dollars ($3,432,000.00).

## THIRD CAUSE OF ACTION
## WRONGFUL TERMINATION

95. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

96. Defendants' actions constitute a termination of employment without just cause.

97. Defendants are liable to Plaintiff pursuant to Law 80, for an amount equal to three (3) months of salary plus benefits, as defined in the law, and four (4) additional weeks of

compensation, based on their highest earning in any thirty-day period within the three years prior to the employee's dismissal. This amount to a severance pay of approximately fifteen thousand. ($15,000.00).

## FOURTH CAUSE OF ACTION

## TORTS DAMAGES

98. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

99. Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

100. Defendants are liable to Plaintiff pursuant to the PRCC.

101. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

102. John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

103. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

104. Company ABC is liable to Plaintiff pursuant to the PRCC.

105. Villalobo's actions as officer and/or employee of the Defendants constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

106. Therefore, Defendants are vicariously liable for damages caused by their officers and/or employees in their service pursuant to the PRCC.

107. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

108. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

109. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

110. As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to the PRCC. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

## FIFTH CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

111. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

112. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## SIXTH CAUSE OF ACTION

### ATTORNEYS FEES AND PREJUDGMENT INTEREST

113. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

114. Defendants are liable to Plaintiff for attorney's fees and costs under Title VII.

115.    Defendants are also liable to Plaintiff for attorney's fees under Law 100 and Law 80.

116.    Defendants are liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**DEMAND FOR JURY TRIAL**

117.    Plaintiff demand a trial by jury as to all claims and issues alleged herein

**PRAYER**

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a), Law 100, 1959, 29 LPRA sec. 146 et seq., Law 69, 29 LPRA sec. 1321 et seq., and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; Retaliation pursuant to Title VII, 42 USC sec. 2000e-3(a), Law 115, 29 LPRA sec. 194 et seq. and Section 16 of Article II of Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Law 80, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the PRCC.

2. An order directing Defendants to reinstate Plaintiff to his former position and to cease and desist of any further discriminatory conduct on the basis of sex.

3. Awarding plaintiff back pay, together with interest, for the period that Plaintiff was deprived of her salary, as it was awarded to other employees in her previous position.

4. Awarding Plaintiff punitive and liquidated damages equal to twice the back pay and fringe benefits lost by the Plaintiff.

5. Awarding Plaintiff lost benefits, both past and future.

6. Awarding Plaintiff the amounts before mentioned in the Complaint, including the double compensatory damages.

7. Awarding Plaintiff severance pay pursuant to PR Law No. 80.

8. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 18th day of August, 2021.

*S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com